Emma Bruden, OSB #163525
Kampmeier & Knutsen PLLC
1300 SE Stark Street, Suite 202
Portland, Oregon 97214
Telephone: (503) 719-5641
Email: emma@kampmeierknutsen.com

Mariah Harrod, WSBA #60585
   *Pro hac vice application forthcoming*
Kampmeier & Knutsen PLLC
705 Second Avenue, Suite 901
Seattle, Washington 98104
Telephone: (206) 739-5184
Email: mariah@kampmeierknutsen.com

*Attorneys for Plaintiff*


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, an Oregon non-profit corporation, | Case No. 3:23-cv-00898 |
| Plaintiff, | COMPLAINT |
| v. | |
| BONNEVILLE POWER ADMINISTRATION, an agency of the United States of America, | |
| Defendant. | |


## INTRODUCTION

1.      This is an action against the Bonneville Power Administration (BPA) for

violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *as amended*. Under the

COMPLAINT - 1

judicial review provisions of both the FOIA and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, Plaintiff Northwest Environmental Advocates (NWEA) seeks relief regarding a FOIA request it submitted to BPA on April 29, 2022. Although BPA identified 471 responsive records more than a year ago—on or before June 1, 2022—as of the date this action was filed BPA has not disclosed *any* documents or information to NWEA in response to NWEA's April 29, 2022 FOIA request. BPA's delays are unlawful and violate the FOIA.

2.      The purpose of the FOIA is "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 89-813, 1st Sess., at 3 (1965). The FOIA therefore requires federal agencies to disclose records in a timely manner to any person upon request unless the information falls within one of nine narrow disclosure exemptions in the Act. *See* 5 U.S.C. § 552(a)(3)(A), (b).

3.      Federal agencies generally must determine within twenty business days whether requested records are exempt from withholding and, if they are not, the agency must promptly disclose the records to the requester. 5 U.S.C. § 552(a)(6)(A)(i); *id.* § 552(a)(3)(A), (a)(6)(C)(i). If an agency makes an adverse determination on a FOIA request, the requester may appeal that determination to the agency, which must then make a determination on the administrative appeal within twenty days of receiving it. *Id.* § 552 (a)(6)(A)(i)(III)(aa), (a)(6)(A)(ii).

4.      NWEA is filing this lawsuit because although NWEA submitted its FOIA request more than a year ago, and although BPA identified a small number of responsive records more than a year ago, BPA has: (1) failed to make and communicate the agency's final determinations on NWEA's FOIA request and the documents and information subject to that request; (2) failed to disclose responsive records to NWEA; (3) failed to act within applicable statutory deadlines; and (4) repeatedly and unlawfully extended its timelines for complying with the FOIA.

Kampmeier & Knutsen PLLC
1300 SE Stark Street, Suite 202
Portland, Oregon 97214
(503) 719-5641

5.      BPA is unlawfully withholding its final determinations, and unlawfully withholding documents and information sought by NWEA, information to which NWEA is entitled and for which no valid disclosure exemption applies. NWEA therefore seeks a declaration that BPA has violated the FOIA, an order from the court compelling BPA to make the required determinations and disclosures by a date certain, and an award of costs, attorneys' fees, and other litigation expenses.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. §§ 1331 (federal question), 1346 (United States as defendant), 2201 (declaratory judgment), and 2202 (further relief).

7.      Venue is proper in the Portland Division of the United States District Court for the District of Oregon pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1391(e), and Local Rule 3-2(a) because NWEA resides and maintains its primary place of business in Portland, Oregon, and because a substantial part of the events or omissions giving rise to the claims occurred in this divisional venue and judicial district.

## PARTIES

8.      Plaintiff NORTHWEST ENVIRONMENTAL ADVOCATES is a non-profit conservation organization organized under Section 501(c)(3) of the Internal Revenue Code, with its principal place of business in Portland, Oregon. NWEA is dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the Pacific Northwest. NWEA works through education, advocacy, and litigation to protect and restore water in the region as well as nationally. The organization has a long history of interest and involvement in environmental issues, including opposing the development, construction, and operation of nuclear power and related facilities such as those for electrical transmission, as well as

COMPLAINT - 3

supporting alternatives to nuclear power such as energy efficiency programs and renewable

energy sources. The records sought in this action are requested in support of these efforts.

9.      NWEA works in furtherance of its goals by regularly acquiring information

regarding federal programs and activities through the FOIA. NWEA then compiles and analyzes

that information and, subsequently, disseminates that information to its membership, other

organizations, the general public, and public officials through various mechanisms including

publications; reports; its website, blog, and newsletter; general news media coverage; public

presentations; meetings; emails; and assisting the public in making comments to local, state, and

federal agencies. NWEA's successful efforts at educating the public on issues concerning federal

government programs and activities that affect the environment contribute significantly to the

public's understanding of governmental operations and activities. NWEA also uses the

information that it acquires through FOIA to participate in federal decision-making processes, to

supports its experts' preparation of testimony and reports, to file administrative appeals and civil

actions, and generally to ensure that federal agencies comply with federal environmental laws.

10.     NWEA and its members derive benefits from agencies' compliance with the

FOIA and from its receipt of public records. NWEA requested the records sought in this action

in support of its efforts to transition the Pacific Northwest region from costly fossil fuels and

nuclear power to renewable, lower cost sources of decentralized energy, and BPA's failure to

comply with the FOIA hinders NWEA's work.

11.     The above-described interests of NWEA and its members have been, are being,

and, unless the relief prayed for herein is granted, will continue to be adversely affected by

BPA's disregard of its statutory duties under the FOIA and by the unlawful harm that results.

BPA's failure to fully implement the FOIA injures the interests of NWEA and its members and

COMPLAINT - 4

the relief requested in this lawsuit can redress these injuries. These harms are traceable to BPA's

conduct and would be remedied by the relief sought in this action.

12.    Defendant BONNEVILLE POWER ADMINISTRATION is an agency within the

U.S. Department of Energy and the executive branch of the United States government. BPA is

subject to the FOIA, pursuant to 5 U.S.C. § 552(f), and subject to the judicial review provisions

of both the FOIA and the APA. BPA is in possession or control of public records, documents,

and information requested and sought by NWEA.

## LEGAL BACKGROUND

13.    The purpose of the FOIA is "to open agency action to the light of public

scrutiny." *U.S. DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989)

(quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976)). "Congress believed that this

philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning

of a democratic society.'" *U.S. DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *NLRB v.

Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

14.    To achieve these important goals, the FOIA requires federal agencies to make

records in their possession or control available to the public upon request unless one of the

FOIA's nine specific exemptions applies. 5 U.S.C. § 552(a), (b)(1)–(9). Additionally, to ensure a

requester receives all requested documents, the FOIA requires agencies to conduct a search that

is reasonably calculated to uncover all records responsive to the request. *Id.* § 552(a)(3)(C)–(D).

15.    The FOIA imposes strict and rigorous deadlines on federal agencies. The FOIA

requires a federal agency that receives a FOIA request to determine whether the requested

records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that

determination to the requester within twenty business days. *Id.* § 552(a)(6)(A)(i). If the agency

determines the requested records are exempt from public disclosure, the agency must also

COMPLAINT - 5

communicate to the requester that they have a right to appeal that determination. *Id.* If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

16.     Congress set forth the circumstances in which federal agencies may obtain more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circumstances, an agency may toll the twenty-day deadline for making a determination: (I) the agency may make one request to the requester for information and toll the twenty-day period while waiting for the information it reasonably requested; or (II) if necessary to clarify with the requester issues regarding fee assessment. *Id.* § 552(a)(6)(A)(ii).

17.     Additionally, an agency may extend the twenty-day deadline for making a determination by providing a written notice to the requester that sets forth the "unusual circumstances" that justify a deadline extension and the date on which the agency expects to make the determination. *Id.* § 552(a)(6)(B)(i). Under the FOIA, "unusual circumstances" means, to the extent reasonably necessary to the proper processing of the particular requests, (I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein. *Id.* § 552(a)(6)(B)(iii).

18.     A notice extending a deadline based on unusual circumstances must be in writing, must describe the unusual circumstances that support the extension, must state the date on which

Kampmeier & Knutsen PLLC
1300 SE Stark Street, Suite 202
Portland, Oregon 97214
(503) 719-5641

the agency expects to make and communicate a determination, and "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). The notice cannot extend the decision deadline more than ten working days; if unusual circumstances exist, the agency must provide its determination no later than thirty working days after receiving the request. *Id.* § 552(a)(6)(B)(i); *see also* 10 C.F.R. § 1004.5(d)(1)(iii) ("may take an extension not to exceed ten days.")

19.    For an agency communication to constitute a determination, the agency must: (1) gather and review the documents; (2) determine and communicate the scope of the documents it intends to produce and withhold and the reasons for withholding any documents; and (3) inform the requester that it can appeal whatever portion of the determination is adverse. *Advocates for the West v. Bonneville Power Admin.*, No. 3:20-cv-01028-AC, 2021 U.S. Dist. LEXIS 103480, *10–11 (D. Or. June 2, 2021).

20.    "[A]n agency's failure to make a determination within the statutory twenty-day period, or thirty-day period for 'unusual circumstances,' is itself a violation of FOIA." *Bonneville Power Admin.*, 2021 U.S. Dist. LEXIS 103480, at *12.

21.    The FOIA also requires federal agencies to make public records promptly available to a requester, which means "within days or a few weeks" of the twenty-day deadline, or the thirty-day deadline if the agency properly invoked unusual circumstances. *See* 5 U.S.C. § 552(a)(3)(A); *Bonneville Power Admin.*, 2021 U.S. Dist. LEXIS 103480, at *13–17.

22.    Under the FOIA, an agency may only withhold information if it reasonably foresees that disclosure would harm an interest protected by an exemption under 5 U.S.C. § 552(b) or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A)(i). An agency must also

COMPLAINT - 7

consider whether partial disclosure of information is possible it the agency determines that full disclosure of a requested record is not possible, and agencies must take reasonable steps to segregate and release nonexempt information. *Id*. § 552(a)(8)(A)(ii).

23.     If the agency fails to make a determination on the FOIA request or the administrative appeal within the deadlines set forth in the FOIA, the requester is deemed to have exhausted administrative remedies and may seek relief from the court. *Id.* § 552(a)(6)(C)(i).

24.     A U.S. District Court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. *Id.* § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. *Id.* § 552(a)(6)(C)(ii). Refusal by a person to reasonably modify the scope of a request, or to arrange an alternative time frame for processing a request after being given an opportunity to do so by the agency, shall be considered as a factor in determining whether exceptional circumstances exist. *Id.* § 552(a)(6)(C)(iii).

25.     Agency action under the FOIA is also subject to judicial review under the APA. *Or. Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006) (violation of the FOIA's decision deadline constitutes agency action that is not in accordance with the law). Under the judicial review provisions of the APA, district courts are authorized to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also

Kampmeier & Knutsen PLLC
1300 SE Stark Street, Suite 202
Portland, Oregon 97214
(503) 719-5641

set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in

accordance with law, or made without observation of required procedures. *Id.* § 706(2). An

agency action is arbitrary and capricious "if the agency has relied on factors which Congress has

not intended it to consider, entirely failed to consider an important aspect of the problem, offered

an explanation for its decision that runs counter to the evidence before the agency, or is so

implausible that it could not be ascribed to a difference in view or the product of the agency

expertise." *Or. Natural Desert Ass'n*, 409 F. Supp. 2d at 1242 (citing *O'Keefe's, Inc. v. U.S.*

*Consumer Product Safety Comm.*, 92 F.3d 940, 942 (9th Cir. 1996)).

## STATEMENT OF FACTS

26.     On April 29, 2022, NWEA submitted a FOIA request for public records via email

to the Public Records officer at the BPA (hereinafter "FOIA request"). The FOIA request sought

communications between BPA and others regarding the potential development of new nuclear

energy sources, including small modular reactors (SMR), the Carbon Free Power Project, and

transmission services for potential new nuclear facilities. NWEA's FOIA request included a

request for a fee waiver.

27.     By letter dated May 16, 2022, BPA acknowledged that it received NWEA's FOIA

request on April 29, 2022. BPA found that the FOIA request fulfilled all the criteria of a proper

request under the FOIA and U.S. Department of Energy regulations. BPA assigned NWEA's

FOIA request reference number BPA-2022-00786-F. BPA granted NWEA's request for a fee

waiver. In its May 16, 2022 letter to NWEA, BPA placed the FOIA request on the "complex"

processing track; stated BPA's response would require consultation with multiple offices in

Transmission and Power Services; found that the FOIA request involved unusual circumstances;

and estimated that BPA would complete its response to the FOIA request by July 29, 2022.

COMPLAINT - 9

28.    There was no lawful basis for BPA to delay making the determinations required by the FOIA until July 29, 2022. There was no lawful basis for BPA to delay disclosing documents and information responsive to the FOIA request until July 29, 2022. At the time BPA estimated it would complete its response to the FOIA request by July 29, 2022, BPA had no concrete plans to complete its response to the FOIA request by that date.

29.    BPA's invocation of "unusual circumstances" to extend BPA's deadline to provide determinations in response to the FOIA request was unlawful because BPA purported to extend the decision deadlines in the FOIA by more than ten days.

30.    Additionally, BPA's May 16, 2022 invocation of unusual circumstances was unlawful because at the time BPA made its decision to invoke unusual circumstances BPA did not have a factual basis for BPA's assertion that the response to the FOIA request would require consultation with multiple offices in Transmission and Power Services. In its May 16, 2022 letter to NWEA, BPA stated that it "*reasonably foresees* that the response to your request will require consultation with multiple offices in Transmission and Power Services." BPA unlawfully invoked unusual circumstances *before* searching for responsive records and determining based on that search that the response to the FOIA request would require consultation with multiple offices in Transmission and Power Services.

31.    Additionally, BPA's May 16, 2022 invocation of unusual circumstances was unlawful because BPA's May 16, 2022 letter did not notify NWEA that the FOIA request could not be processed within the additional ten days allowed under unusual circumstances, as required by the FOIA. *See* 5 U.S.C. § 552(a)(6)(B)(ii).

32.    An agency's need to consult with others under 5 U.S.C. § 552(b)(4) is not a lawful basis for asserting unusual circumstances. An agency's need to consult with others under

COMPLAINT - 10

5 U.S.C. § 552(b)(4) is not a lawful basis for extending the decision deadline in 5 U.S.C. § 552(a)(6)(A)(i). An agency's need to consider whether responsive records are exempt from disclosure under 5 U.S.C. § 552(b)(4) is not a lawful basis for extending the decision deadline in 5 U.S.C. § 552(a)(6)(A)(i).

33.    By email dated May 25, 2022, BPA asked NWEA to refine the scope of the FOIA request, noting that BPA had searched for responsive records and discovered 147,000 records dating back twenty years. BPA also asked NWEA to confirm its keyword search approach that focused on the terms "nuclear energy," "small modular," "SMR," "carbon Free Power Project," and "CFPP."

34.    By email dated May 26, 2022, NWEA narrowed its FOIA request to documents prepared or utilized by, in the possession of, or routed through BPA on or after January 1, 2017. NWEA also confirmed the keywords used, requested some additions to the search terms, and offered to discuss additional revisions to the scope of the FOIA request after BPA searched for documents using the revised search terms and commencement date.

35.    By email dated June 1, 2022, BPA asked NWEA to consider three alternatives for proceeding: (1) using the original request language but narrowed to January 1, 2017 to present; (2) using the original request language with the new date range but with the term "transmission" added to the search terms; and (3) using the original request language with the new date range but with "transmission" added with the qualifier that it must appear with one of the other keywords. Searches using the first option resulted in 3,292 records; searches using the second option resulted in 16,544 records; and searches using the third option resulted in 471 records. BPA recommended pursuing the third option and requested input from NWEA on how it wished

COMPLAINT - 11

to proceed. On June 3, 2022, NWEA responded by email and instructed BPA to proceed under the third option.

36.    By letter dated July 19, 2022, BPA informed NWEA that responsive records had been collected and that BPA was reviewing the records to determine if any were exempt from disclosure under 5 U.S.C. § 552(b)(4). BPA stated that this review required BPA to solicit objections to the release of any third party confidential commercial information. BPA then stated that it "estimates the final release to your FOIA request by November 18, 2022."

37.    There was no lawful basis for BPA to delay making the determinations required by the FOIA until November 18, 2022. There was no lawful basis for BPA to delay disclosing documents and information responsive to the FOIA request until November 18, 2022. At the time BPA estimated it would complete its response to the FOIA request by November 18, 2022, BPA had no concrete plans to complete its response to the FOIA request by that date.

38.    By letter dated November 8, 2022, BPA changed the estimated completion date for BPA's response to the FOIA request to February 17, 2023.

39.    There was no lawful basis for BPA to delay making the determinations required by the FOIA until February 17, 2023. There was no lawful basis for BPA to delay disclosing documents and information responsive to the FOIA request until February 17, 2023. At the time BPA estimated it would complete its response to the FOIA request by February 17, 2023, BPA had no concrete plans to complete its response to the FOIA request by that date.

40.    By letter dated February 16, 2023, BPA changed the estimated completion date for BPA's response to the FOIA request to May 17, 2023.

41.    There was no lawful basis for BPA to delay making the determinations required by the FOIA until May 17, 2023. There was no lawful basis for BPA to delay disclosing

COMPLAINT - 12

documents and information responsive to the FOIA request until May 17, 2023. At the time BPA estimated it would complete its response to the FOIA request by May 17, 2023, BPA had no concrete plans to complete its response to the FOIA request by that date.

42.     On February 17, 2023, NWEA emailed BPA and asked why BPA had not disclosed any responsive records yet and noted the unreasonable delay associated with BPA's response to the FOIA request.

43.     BPA responded to NWEA's February 17, 2023 email on February 17, 2023; explained that the delay was due to limited agency resources and the need to confer with others; and stated that BPA was "aiming for a release of at least some records responsive to your FOIA request by the next target date" of May 17, 2023.

44.     By letter dated May 11, 2023, BPA changed the estimated completion date for BPA's response to the FOIA request to July 28, 2023.

45.     There was no lawful basis for BPA to delay making the determinations required by the FOIA until July 28, 2023. There was no lawful basis for BPA to delay disclosing documents and information responsive to the FOIA request until July 28, 2023. At the time BPA estimated it would complete its response to the FOIA request by July 28, 2023, BPA had no concrete plans to complete its response to the FOIA request by that date.

46.     As of the date this action was filed, BPA had no concrete plans to complete its response to the FOIA request by July 28, 2023.

47.     As of the date this action was filed, BPA had failed to make the determinations required by the FOIA because it had failed to: (1) gather and review all documents; (2) determine and communicate to NWEA the scope of the documents it intended to produce and withhold and the reasons for withholding any documents; and (3) inform NWEA that it could appeal any

COMPLAINT - 13

portion of the determination that is adverse. As of the date this action was filed, BPA has not

determined and communicated to NWEA which documents BPA will produce and which, if any,

it will withhold. As of the date this action was filed, BPA has not provided NWEA with a lawful

reason for withholding any documents.

48.     As of the date this action was filed, BPA has not informed NWEA that it can

appeal BPA's withholding of documents and information responsive to the FOIA request.

49.     NWEA has a need for the requested records. The records are essential to NWEA's

climate and energy program work.

50.     The deadline for BPA to issue the final determination required by 5 U.S.C.

§ 552(a)(6)(A)(i) for all records subject to the FOIA request has passed. As of the date this action

was filed, BPA has not provided NWEA with the determinations required by 5 U.S.C.

§ 552(a)(6)(A)(i) for all records subject to the FOIA request.

51.     As of the date this action was filed, BPA has failed to provide NWEA with any

nonexempt documents responsive to the FOIA request.

52.     As of the date this action was filed, BPA has failed to make promptly available to

NWEA all nonexempt documents that are responsive to the FOIA request.

53.     BPA is currently withholding from NWEA nonexempt documents that are

responsive to the FOIA request. None of FOIA's nine exemptions to mandatory disclosure apply

to all the documents and information BPA is currently withholding from NWEA. Not all the

requested communications are "trade secrets and commercial or financial information obtained

from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). BPA has no legal basis for

withholding the records that NWEA sought via the FOIA request.

COMPLAINT - 14

54.     As of the date this action was filed, BPA had constructively denied the FOIA request.

55.     Prior to filing this action, NWEA fully exhausted all administrative remedies required by the FOIA. BPA failed to timely provide a determination on what documents would be disclosed and failed to timely provide any responsive documents.

56.     NWEA has been required to expend costs and to obtain the services of a law firm to prosecute this action.

57.     The filing of this lawsuit was necessary to compel BPA to make the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all documents subject to the FOIA request.

58.     The filing of this lawsuit was necessary to compel BPA to disclose all nonexempt documents and information that are responsive to the FOIA request.

59.     BPA could have made the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the FOIA request before NWEA filed this lawsuit. BPA could have disclosed all records responsive to the FOIA request before NWEA filed this lawsuit.

60.     NWEA's claims for relief in this complaint are not insubstantial. BPA's failure to respond to the FOIA request is harming NWEA and hindering NWEA's climate and energy work.

61.     No exceptional circumstances exist that would allow this Court to allow BPA more time to review and disclose requested records. BPA has not exercised due diligence in responding to the FOIA request. The delays at issue in this case result from a predictable agency workload of FOIA requests.

COMPLAINT - 15

62.    The circumstances surrounding the withholdings raise questions regarding whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

63.    Based on the nature of NWEA's professional activities, NWEA will continue to employ the FOIA's provisions in information requests to BPA in the foreseeable future. NWEA's professional activities will be adversely affected if BPA is allowed to continue violating the FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of NWEA's legal rights by this Court, BPA will continue to violate the rights of NWEA to receive public records under the FOIA.

## CAUSES OF ACTION

### CLAIM 1

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT
IN RESPONDING TO NWEA'S APRIL 29, 2022 FOIA REQUEST:
VIOLATION OF THE DECISION DEADLINES IN THE FOIA

64.    NWEA hereby incorporates by reference the allegations in the preceding paragraphs.

65.    NWEA has a statutory right to have BPA process its FOIA request in a manner that complies with the FOIA. BPA violated NWEA's rights in this regard when BPA unlawfully delayed its response to NWEA's April 29, 2022 FOIA request beyond the deadlines imposed by the FOIA.

66.    BPA violated and is violating the FOIA by failing to make a decision to disclose or withhold documents and information subject to NWEA's FOIA request by the deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

67.    Each and every allegation in this claim is a separate violation of the FOIA for which this Court can provide relief to NWEA under the FOIA.

COMPLAINT - 16

68.     BPA's violations of the FOIA with respect to its response to NWEA's FOIA request entitle NWEA to an award of reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

CLAIM 2

VIOLATION OF THE FREEDOM OF INFORMATION ACT:
FAILURE TO MAKE RESPONSIVE RECORDS PROMPTLY AVAILABLE

69.     NWEA hereby incorporates by reference the allegations in the preceding paragraphs.

70.     BPA violated and is violating the FOIA by failing to make the records subject to NWEA's FOIA request promptly available to NWEA. 5 U.S.C. § 552(a)(3)(A).

71.     On or before June 1, 2022, BPA determined that it had at least 471 documents that are responsive to NWEA's FOIA request. But as of the date this action was filed, BPA had not disclosed any documents or information to NWEA in response to the FOIA request. BPA's failure to promptly produce documents and information that are responsive to NWEA's FOIA request violates the FOIA.

72.     Each and every allegation in this claim is a separate violation of the FOIA for which this Court can provide relief to NWEA under the FOIA.

73.     BPA's violations of the FOIA with respect to its response to NWEA's FOIA request entitle NWEA to an award of reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

CLAIM 3

VIOLATION OF THE FREEDOM OF INFORMATION ACT:
UNLAWFUL CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING

74.     NWEA hereby incorporates by reference the allegations in the preceding

Kampmeier & Knutsen PLLC
1300 SE Stark Street, Suite 202
Portland, Oregon 97214
(503) 719-5641

paragraphs.

75.    NWEA has a statutory right to the records it seeks. There is no legal basis for

BPA to assert that any of the FOIA's nine disclosure exemptions apply to all the records BPA

has that are responsive to NWEA's FOIA request. BPA was required to consider whether partial

disclosure of the requested information was possible if it determined full disclosure was not

possible, and BPA was required to take reasonable steps necessary to segregate and release the

nonexempt information. 5 U.S.C. § 552(a)(8)(A)(ii).

76.    BPA has violated and is violating the FOIA and NWEA's rights by unlawfully

withholding nonexempt documents and information responsive to NWEA's FOIA request.

BPA's actions in response to NWEA's FOIA request constitute a constructive and unlawful

denial of NWEA's FOIA request.

77.    BPA's violations of the FOIA with respect to its response to NWEA's FOIA

request entitle NWEA to an award of reasonable attorneys' fees and other litigation costs

pursuant to 5 U.S.C. § 552(a)(4)(E).

<u>CLAIM 4</u>

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:
IMPROPER INVOCATION OF UNUSUAL CIRCUMSTANCES

78.    NWEA hereby incorporates by reference the allegations in the preceding

paragraphs.

79.    BPA may extend the decision deadlines in the FOIA by a written notice to the

requester that describes the unusual circumstances that justify a ten-day extension of the decision

deadlines and the date on which a determination is expected to be dispatched. 5 U.S.C. §

552(a)(6)(B)(i). An extension of the deadline for making a determination in response to a FOIA

request may not exceed ten days if it is based on unusual circumstances. 10 C.F.R. §

COMPLAINT - 18

1004.5(d)(1)(iii).

80.    BPA violated the FOIA by invoking unusual circumstances to extend BPA's decision deadline by more than ten days. BPA violated the FOIA by invoking unusual circumstances to extend BPA's decision deadline without a sufficient factual basis for doing so. BPA violated the FOIA by invoking unusual circumstances to extend BPA's decision deadline without providing NWEA with the complete written notice required by the FOIA.

81.    Each and every allegation in this claim is a separate violation of the FOIA for which this Court can provide relief to NWEA under the FOIA.

82.    BPA's violations of the FOIA with respect to its response to NWEA's FOIA request entitle NWEA to an award of reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

<u>CLAIM 5</u>

**(In the alternative to Claims 1, 2, 3, and 4)**

VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT:
FAILURE TO COMPLY WITH THE FOIA IN RESPONDING TO
NWEA'S FOIA REQUEST

83.    NWEA hereby incorporates by reference the allegations in the preceding paragraphs.

84.    Each and every allegation in this claim is a separate violation of the FOIA for which this Court can provide relief to NWEA under the APA if it cannot provide relief under the FOIA. Making the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all documents and information subject to the FOIA request and making responsive documents available, and promptly available, to NWEA are final agency actions unlawfully withheld or unreasonably delayed that this Court can compel under the APA, 5 U.S.C. § 706(1).

COMPLAINT - 19

85.     Alternatively, BPA's decisions not to make the determinations required by

5 U.S.C. § 552(a)(6)(A)(i), BPA's decisions not to make responsive documents promptly

available to NWEA, and BPA's decisions to unlawfully withhold documents and information

from NWEA are final agency actions that are arbitrary, capricious, an abuse of discretion, not

based on substantial evidence in the record, not in accordance with the law, or otherwise in

violation of the FOIA and the APA, 5 U.S.C. § 706(2), because among other things those actions

do not comply with the FOIA or BPA's regulations or policies.

86.     In addition, BPA's decision to invoke unusual circumstances and to assert an

extension of the decision deadlines in the FOIA of more than ten days were arbitrary, capricious,

contrary to law, and in violation of the APA.

87.     NWEA is entitled to relief under the APA and to an award of costs of litigation

and reasonable attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## PRAYER FOR RELIEF

WHEREFORE, NWEA respectfully requests that the Court:

A.     Declare that BPA has violated the FOIA for the reasons set forth herein;

B.     Order BPA to comply immediately with the FOIA by providing NWEA with the

required determinations and all nonexempt public records subject to NWEA's April 29, 2022

FOIA request;

C.     Declare that NWEA is the prevailing party and/or substantially prevailing party in

this matter; that the position of the government in this action was not substantially justified; and

that there are no special circumstances that make an award of costs and reasonable attorneys'

fees to NWEA unjust;

D.     Award NWEA its reasonable attorneys' fees and litigation costs pursuant to

5 U.S.C. § 552(a)(4)(E) and/or award NWEA its reasonable fees, expenses, costs, and

COMPLAINT - 20

Kampmeier & Knutsen PLLC
1300 SE Stark Street, Suite 202
Portland, Oregon 97214
(503) 719-5641

disbursements, including attorneys' fees associated with this litigation, under the Equal Access to

Justice Act, 28 U.S.C. § 2412; and

    E.      Grant NWEA such additional relief as the Court may deem just and proper.

        DATED this 21st day of June 2023.

              KAMPMEIER & KNUTSEN PLLC

              By:  _s/Emma Bruden_____
                  Emma Bruden, OSB #163525
              1300 SE Stark Street, Suite 202
              Portland, Oregon 97214
              Telephone: (503) 719-5641
              Email: emma@kampmeierknutsen.com

              *Attorneys for Plaintiff Northwest Environmental Advocates*